IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHIEF AUTOMOTIVE TECHNOLOGIES, INC. | 8:07CV58 |
| Plaintiff, | |
| v. | ORDER |
| TONY RYMER and JOHN ASTERINO, d/b/a Aztec Capital Leasing, d/b/a Snap-O-Liner. | |
| Defendants. | |

This matter is before the court on correspondence from defendant John Asterino, which the court will construe as a motion for a continuance. This is an action for damages and injunctive relief based upon allegations of false designation of origin and unfair competition ("passing off") and trademark infringement under 15 U.S.C. § 87-301, and for deceptive trade practices, trademark infringement, unfair competition, and tortious interference with business relationships under Nebraska law. Plaintiff has moved for a temporary restraining order. Filing No. 8. A hearing on the matter has been scheduled to occur today. Filing No. 11.

Defendant John Asterino seeks a continuance. He has not been served with the complaint, but has been notified of the hearing. He asserts he needs time to obtain counsel to defend against the plaintiff's allegations.

Under the Federal Rules, "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate

and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Any temporary restraining order entered under Rule 65(b) will expire not more than ten days after it is issued. *Id.* Moreover, "[o]n 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." *Id.*

It appears that defendants' interests are adequately protected by these provisions. The court finds that the hearing on plaintiff's motion for a temporary restraining order should go forward as scheduled. Accordingly,

IT IS ORDERED:

1. The clerk of court is directed to file defendant Asterino's letter as a motion for continuance;

2. Defendant Asterino's letter, construed as a motion for a continuance, is denied;

3. Plaintiff's counsel shall provide notice of this order to defendants.

DATED this 22nd day of February, 2007.

BY THE COURT:

JOSEPH F. BATAILLON
United States District Court