IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHIEF AUTOMOTIVE TECHNOLOGIES, INC. | 8:07CV58 |
| Plaintiff, | |
| v. | ORDER |
| TONY RYMER and JOHN ASTERINO, d/b/a Aztec Capital Leasing, d/b/a Snap-O-Liner. | |
| Defendants. | |

  This matter is before the court on plaintiff Chief Automotive Technologies, Inc.'s ("Chief") motion for a temporary restraining order, Filing No. 8. This is an action for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1111 *et seq.* The court held a hearing on the motion on February 22, 2007. Defendant John Asterino had notice of the proceeding and appeared, pro se, by telephone. Defendant Tony Rymer has not been served and was not notified of the hearing.

  A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and the applicant's attorney certifies to the court in writing that efforts have been made to give the notice and stating the reasons that notice should not be required. Fed. R. Civ. P. 65(b). Injunctive relief should not be granted unless the movant demonstrates: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest. *Dataphase*

1

*Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir.1981) (en banc).

This court previously entered a consent judgment in *Chief Automotive Systems, Inc. v. Asterino,* No. 4:97cv3017 (D. Neb. April 30, 1997). *See* Filing No. 10, Index of Evidence, Ex. 4. The consent judgment enjoined defendant Asterino from directly or indirectly using any trademark or service mark belonging to or used by Chief directly or indirectly using any mark, word, or design that is similar to any mark belonging to or used by Chief, and committing any unfair trade practices including adopting or using names to identify his business that imply a connection with Chief, adopting or using any mailing address in Nebraska, or any phone number or mailing address similar to Chief, producing or reproducing any photographs of Chief goods or of goods designed to look like Chief goods. *See id.*

The plaintiff has presented evidence that defendants Asterino and Rymer have taken actions in direct contravention of the consent judgment. *See* Filing No. 10, Index of Evidence, Ex. 2. The court finds the plaintiff has satisfied the *Dataphase* standards. Plaintiff has shown irreparable harm in the likelihood of confusion caused by defendants' actions. The balance of harms favors Chief because defendant Asterino agreed to be bound by the conditions set forth in the consent judgment. The consent judgment also shows that it is probable that Chief will succeed on the merits. Further, it is in the public interest to enforce the consent order. Also, Chief has shown by affidavit that it made efforts to notify the defendants. *Id.,* Ex. 3. Accordingly, the court finds Chief's motion for temporary injunctive relief should be granted.

Pursuant to Fed. R. Civ. P. 65(b), the injunction will be of ten days' duration and Chief's application for preliminary injunctive relief will be heard at the court's earliest convenience. Further, plaintiff will be required to post security in accordance with Fed. R.

Civ. P. 65(c). Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for a temporary restraining order (Filing No. 8) is granted;

2. Defendants John Asterino and Tony Rymer are restrained and enjoined from;

    (1) Advertising or selling any products bearing Chief's trademarks, and;

    (2) Using in their advertising either the telephone number 888-445-9262, or the address 2124 Lawrence Lane, #113, Grand Island, Nebraska 68803;

3. A hearing on preliminary injunctive relief is scheduled for March 9, 2007 at 3:00 p.m.;

4. This action is referred to the magistrate for further progression of this case;

5. Plaintiff shall post a bond in the amount of $100.00 with the Clerk of Court within 10 days of the date of this order; and

6. The Clerk of Court is directed to mail copies of this order to defendants John Asterino and Tony Rymer at 499 Lanham Lane, Fairmont, WV 26554.

DATED this 23rd day of February, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

3