IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHIEF AUTOMOTIVE SYSTEMS, INC., | ) ) | 4:97CV3017 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| JOHN ASTERINO, d/b/a N.E. HOLDING CORP., d/b/a NE BANKCO HOLDING CORP., | ) ) ) ) | |
| Defendant. _____ | ) ) ) | |
| CHIEF AUTOMOTIVE TECHNOLOGIES, INC., | ) ) ) | 8:07CV58 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| TONY RYMER, d/b/a ACCESS CAPITAL LEASING, d/b/a SNAP-O-LINER, and JOHN ASTERINO, d/b/a ACCESS CAPITAL LEASING, d/b/a SNAP-O-LINER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

   This Memorandum and Order explains why I will enter a judgment imposing sanctions for contempt in case no. 4:97CV3017 and why I direct Chief Automotive Technologies, Inc. to show cause why case no. 8:07CV58 should not be dismissed.

## BACKGROUND

In 1997, Chief Automotive System, Inc. ("Chief") brought suit against John Asterino for trademark infringement and unfair competition: case no. 4:97CV3017. The 1997 case was resolved by entry of a consent judgment (the "1997 Consent Judgment") which among other things enjoined Asterino from engaging in specified acts. This court retained continuing jurisdiction to ensure compliance with the terms and conditions of the 1997 Consent Judgment. (Filing 15-3 (1997 Consent Judgment) at page 4, ¶ 5.)[1] In February 2007, Chief filed a motion which asserted that Asterino had engaged in conduct which violated the 1997 Consent Judgment and sought an order to show cause why Asterino should not be held in contempt of court. (Filing 13.) I have previously found that Asterino is in contempt of court because he placed an advertisement using a phone number and Grand Island, Nebraska address confusingly similar to that used by Chief, in violation of injunctive provisions of the 1997 Consent Judgment. (Filing 31.) The order for the advertisement was signed by Asterino and "Tony Rymer." (Filing 41-3.)

As Rymer was not a party to the 1997 Consent Judgment, Chief[2] brought a separate action in February 2007 (case no. 8:07CV058, the "2007 Case") against Asterino and Tony Rymer in an effort to obtain an injunction against "Tony Rymer." Tony Rymer was never served with summons in the 2007 case, as Chief's counsel was unable to locate his whereabouts. (Case no. 8:07CV58, filing 24.) Chief's counsel made numerous attempts to serve Rymer, to no avail. (Filing 41-2, Aff. of Chief's Counsel, ¶4.)

---

[1]Filing numbers relate to filings in the 1997 Case, unless otherwise noted.

[2]The 2007 action was brought by "Chief Automotive Technologies," which is apparently the new name of, or successor to, "Chief Automotive Systems, Inc.," the plaintiff in the 1997 case. I refer to them each as "Chief."

For the reasons later explained in this memorandum and order, it is now time to enter judgment finding Asterino in contempt of the 1997 Consent Judgment and to direct Chief to show cause why the 2007 suit should not be dismissed.

## ENTRY OF CONTEMPT JUDGMENT IN 1997 CASE

Chief Automotive Systems, Inc. ("Chief") has filed a motion for entry of judgment in case no. 4:97CV3017 (the "1997 Case"). (Filing 39.) Chief seeks a judgment finding the defendant, John Asterino, in contempt of the 1997 Consent Judgment. Chief has submitted evidence and briefed the motion. Defendant John Asterino has failed to respond to the motion.[3]

The court finds as follows:

1.      Chief instituted this action in January, 1997 by filing a complaint which alleged that Asterino had willfully infringed Chief's trademarks and engaged in unfair trade practices, in violation of federal statutes, and willfully violated statutory and common law of the State of Nebraska.

2.      Chief and Asterino entered into a consent judgment in 1997 (the "1997 Consent Judgment") which, among other things, permanently enjoins Asterino from "adopting or using any mailing address in Nebraska" and from "adopting or using any phone number or mailing address which is similar to those of Chief." (The Consent Judgment was entered on April 30, 1997, prior to implementation of electronic filing, and a copy of that judgment is now electronically filed as filing 15-3.)

---

[3]On its own motion, and because it appeared that the Defendant had ceased to be represented by counsel, the court entered a November 6, 2007 order giving Defendant notice that it intended to enter judgment for Plaintiff on or after December 6, 2007. (Filing 42.) Defendant failed to respond to the November 6, 2007 order.

3.      In January 2007, Asterino placed an advertisement in a national magazine for the sale of a Chief machine, apparently in an attempt to sell a second-hand Chief machine he was negotiating to purchase. That advertisement did not direct interested buyers to contact Asterino at his North Carolina place of business. Rather, it directed them to a Grand Island, Nebraska street address or a toll-free telephone number distinguishable from Chief's toll-free number in only one respect: it had a different toll-free prefix.

4.      On or about February 9, 2007, Chief filed a motion for an order to show cause why defendant John Asterino should not be held in contempt and provided evidence to support its motion. (Filing 13.) The court directed Asterino to show cause why he should not be held in contempt for his failure to comply with the 1997 Consent Judgment. (Filing 17.) Asterino responded to the show cause motion. (Filing 29.)

5.      By prior order (filing 31), and upon analysis of the evidence adduced in connection with the court's order to show cause, this court found Asterino in contempt of the 1997 Consent Judgment and ordered Asterino to submit to the court an affidavit signed under penalty of perjury, accounting for all of his gains, profits, and advantages derived by his use of a Nebraska mailing address and telephone number similar to Chief's.[4] The court further ordered Chief to produce evidence of its attorneys' fees and the court costs it incurred in bringing its motion for an order to show cause why Asterino should not be held in contempt.

6.      Asterino has failed to submit an affidavit accounting for any gains, profits, and advantages derived by his contemptuous conduct. Chief has submitted evidence of its expenditure of $12,917.42 in attorneys' fees and costs through May

---

[4]The factual findings of filing 31 are hereby incorporated by reference into this memorandum and order.

10, 2007. (Filing 32). Asterino has made no timely objection to Chief's evidence.

      7.      On September 26, 2007, the court ordered Chief to file a motion for entry of judgment, together with a proposed judgment, a brief supporting the relief to be granted in the judgment, and any affidavits necessary to support the relief sought by Chief. The court also established deadlines for Asterino's response to Chief's Motion for Entry of Judgment and for Chief's reply to Asterino's submission. (Filing 37.)

      8.      Chief has filed evidence and a brief in support of its motion for entry of judgment claiming additional attorneys' fees and costs in the amount of $6,209.50 in connection with this action incurred from and after May 10, 2007 (filing 41-8) and claiming additional damages in the form of attorneys' fees in the amount of $17,520[5] which Chief incurred in connection with a separate action against Asterino and another defendant (Tony Rymer) in this court in case no. 8:07cv58 (filing 41-9), which claim arises out of the same actions by Asterino which this court has found, and does find, constitutes contempt of the 1997 Consent Judgment.

      9.      Asterino has not responded to Chief's motion for entry of judgment. Pursuant to the court's September 26, 2007 order (filing 37), Asterino's response was due on or before October 26, 2007. On November 6, 2007, it appeared to the court that Asterino had earlier ceased to be represented by counsel, and on the court's own motion an order was entered advising the parties that the court intended to enter

---

[5]Chief's motion for entry of judgment seeks $17,520 in such additional damages (filing 39 at ¶1(c)), and Chief introduced evidence of legal fees in the amount of $17,520 (filing 41-9). Chief also submitted a proposed judgment to my chambers, which contains conflicting statements regarding the amount of legal fees in the 2007 case. One of the two statements in the judgment proposed by Chief references the amount of $1,720 (filing 43 at page 3, ¶8) and the other statement references the amount of $17,520 (filing 43 at page 4, ¶2.) I consider $1,720 to be a typographical error.

8:07-cv-00058-RGK-DLP   Doc # 44   Filed: 01/11/08   Page 5 of 10 - Page ID # 174

10, 2007. (Filing 32). Asterino has made no timely objection to Chief's evidence.

    7.    On September 26, 2007, the court ordered Chief to file a motion for entry of judgment, together with a proposed judgment, a brief supporting the relief to be granted in the judgment, and any affidavits necessary to support the relief sought by Chief. The court also established deadlines for Asterino's response to Chief's Motion for Entry of Judgment and for Chief's reply to Asterino's submission. (Filing 37.)

    8.    Chief has filed evidence and a brief in support of its motion for entry of judgment claiming additional attorneys' fees and costs in the amount of $6,209.50 in connection with this action incurred from and after May 10, 2007 (filing 41-8) and claiming additional damages in the form of attorneys' fees in the amount of $17,520[5] which Chief incurred in connection with a separate action against Asterino and another defendant (Tony Rymer) in this court in case no. 8:07cv58 (filing 41-9), which claim arises out of the same actions by Asterino which this court has found, and does find, constitutes contempt of the 1997 Consent Judgment.

    9.    Asterino has not responded to Chief's motion for entry of judgment. Pursuant to the court's September 26, 2007 order (filing 37), Asterino's response was due on or before October 26, 2007. On November 6, 2007, it appeared to the court that Asterino had earlier ceased to be represented by counsel, and on the court's own motion an order was entered advising the parties that the court intended to enter

---

[5]Chief's motion for entry of judgment seeks $17,520 in such additional damages (filing 39 at ¶1(c)), and Chief introduced evidence of legal fees in the amount of $17,520 (filing 41-9). Chief also submitted a proposed judgment to my chambers, which contains conflicting statements regarding the amount of legal fees in the 2007 case. One of the two statements in the judgment proposed by Chief references the amount of $1,720 (filing 43 at page 3, ¶8) and the other statement references the amount of $17,520 (filing 43 at page 4, ¶2.) I consider $1,720 to be a typographical error.

judgment for plaintiff on the finding of contempt within thirty days and directing the Clerk of Court to mail copies of documents relevant to the judgment of contempt directly to Asterino. (Filing 43.) Asterino did not respond to this November 6, 2007 order.

      10.    As explicitly provided in the 1997 Consent Judgment, this court retained "continuing jurisdiction over the parties and the subject matter of this action to ensure compliance with the terms and conditions of this Consent Judgment." (Filing 15-3 at page 4, ¶ 5.) This court has the inherent power to enforce compliance with its lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947)). An award of the reasonable attorneys' fees and costs incurred by Chief in enforcing the 1997 Consent Judgment is appropriate. *Jake's, Ltd., Inc., v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004) (award of reasonable attorneys' fees and expenses incurred by the party seeking to enforce court-ordered injunction was within district court's remedial discretion in civil contempt proceedings); *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 630, 630-31 (8th Cir.1984) (affirming award of attorneys' fees for litigating contempt motion).

      11.    Asterino's conduct required Chief to file a separate lawsuit in 2007 (the 2007 Case) to enforce compliance with the 1997 Consent Judgment. The legal fees incurred by Chief in the 2007 Case are recoverable as compensatory damages in the civil contempt proceeding in the 1997 case because Asterino's contemptuous conduct caused the need to incur those fees. The advertisement which violated the consent judgment was ordered by "Tony Rymer" in addition to Asterino, and Rymer is not a party to the 1997 Consent Judgment. Tony Rymer is likely a fictious name, as Chief's counsel could not locate Rymer after numerous attempts (filing 41-2 at ¶4;

filing 41-6), and Asterino has admitted that he placed the advertisement without mentioning Rymer (filing 29 at p. 1, ¶2). In any event, whether Asterino used a fictitous name or instead involved a third party in his violation of the 1997 Consent Judgment, Asterino's contemptuous conduct required Chief to file and prosecute a second lawsuit to stop Asterino's wrongful behavior. Furthermoee, Asterino's tactics in responding to the 2007 Case cause addtional work for Chief's attorneys. As noted in a court order in the 2007 Case, "Asterino received actual notice of [the 2007 case], but he has refused to accept process, and has engaged in evasive and intimidating tactics to avoid being formally served with this lawsuit." (Filing 41-7 at 7 (May 24, 2007 court order in case no. 8:07CV58).)

12.     The actions which violate the 1997 Consent Judgment violate the unfair competition provisions of the Lanham Act, 15 U.S.C. § 1125(a)(1). The Lanham Act provides that "in exceptional cases," reasonable attorneys' fees may be awarded to the prevailing party when there has been a violation of 15 U.S.C. § 1125(a). 15 U.S.C. § 1117(a). Deliberate or willful violations constitute "exceptional cases." *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1341 (8th Cir. 1997). To the extent, if any, the Lanham Act is relevant to this court's discretion to direct Asterino to pay Chief's attorneys' fees and costs in this contempt proceeding, I find that Asterino's conduct is deliberate or willful and thus "exceptional" within the meaning of 15 U.S.C. § 1117(a). Asterino has admitted that he obtained the telephone number and address misleadingly similar to those of Chief, and that he placed the advertisement which violates the 1997 Consent Judgment. (Filing 31, finding of fact nos. 5 and 6.)

13.     I assume without deciding that the lodestar method should be used to calculate the attorneys' fees to be awarded as part of civil contempt sanctions. *Heath v. DeCourcy*, Nos. 94-3579, 94-3581, 1995 WL 492918 at *3 (6th Cir. Aug. 16, 1995) (court was within its discretion in using lodestar calculation for fees incurred in bringing contempt charges). *Contra National Union Fire Ins. Co. of Pittsburgh v.*

*Olympia Holding Corp.*, No. 04-15621, 2005 WL 1692495, at *4 n.1 (11th Cir. July 21, 2005) ("[s]anctions for civil contempt are not equivalent with typical payment of attorneys' fees, and civil contempt sanctions do not require the use of the lodestar method"). I have repeatedly set forth how the lodestar is method is properly used in various published opinions dating back more than a decade. *See, e.g., U & I Sanitation v. City of Columbus*, 112 F. Supp. 2d 902, 903-04 (D. Neb. 2000); *Tabech v. Gunter*, 869 F. Supp. 1446, 1456-70 & n. 6 (D. Neb. 1994), *aff'd sub nom. Jensen v. Clarke*, 94 F.3d 1191 (8th Cir. 1996). In addition, and for an excellent secondary source on the "lodestar" method, see Alan Hirsch & Diane Sheehey, *Awarding Attorneys' Fees and Managing Fee Litigation* 20-48 (Federal Judicial Center, 2d ed. 2005). I do not restate the "lodestar" methodolgy. Rather, I simply apply it. I note that Asterino has not objected to the amount of attorney's fees Chief seeks to recover. I consider this to be evidence that the number of hours expended were reasonable and that the rates charged are comparable to those charged by attorneys with similar experience doing similar work in this legal market. Separately, I note that the hourly rates claimed range from $115 to $295 per hour, and observe that in my experience these rates are within the range that lawyers practicing in this court charge for work of similar complexity.

14.   The damages claimed by Chief in the form of attorneys' fees and expenses are fair and reasonable. The relief requested by Chief is reasonable and appropriate under the circumstances. Chief is entitled to judgment as requested in its motion for entry of judgment.

## THE 2007 CASE

Counsel for Chief has represented that the claims against Asterino in the 2007 case are the same claims as those brought in the 1997 litigation which resulted in the 1997 Consent Judgment. (Filing 40 (Chief's Br. in Supp. of Mot. for Entry of J.) at

5.)   As to Asterino, the 2007 case is based on the same conduct which violates the 1997 Consent Judgment. It appears that Chief could receive no relief in the 2007 case different than the sanctions which will be imposed in the judgment of contempt against Asterino in the 1997 case. For this reason, it appears that dismissal of the 2007 case as against Asterino is appropriate, and I will order Chief to show cause why the 2007 case should not be dismissed without prejudice as against Asterino.

The 2007 case also names Rymer as a defendant. Chief's counsel made numerous attempts to serve Rymer in the 2007 case, to no avail. (Filing 41-2, Aff. of Chief's Counsel, ¶4; Filing 41-6, copies of returned mailings to Rymer.) Chief has indicated that there is substantial reason to suspect that Asterino used the fictitous name of Tony Rymer. (Filing 40, P.'s Br. in Supp. of Mot. for Entry of J., at 6.) Fed. R. Civ. P. 4(m) provides that if a defendant has not been served within 120 days after filing of the complaint, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because Rymer has not been timely served and it appears likely that "Tony Rymer" is a fictitous name, I will order Chief to show cause why the 2007 case should not be dismissed without prejudice as against Rymer.

For the foregoing reasons,

IT IS ORDERED:

1. John Asterino is found in contempt of the 1997 Consent Judgment entered in case no. 4:97CV3017 and a separate judgment imposing sanctions for contempt shall be entered;

2. In case no. 8:07CV58, Chief shall show cause on or before January 25, 2008 why the action should not be dismissed as against both defendants. In the absence of timely cause shown, and without further notice, case no. 8:07CV58 will be dismissed without prejudice as against both defendants;

3. The Clerk of the Court shall mail to John Asterino at his last known address copies of all documents filed today in case no. 4:97CV3017; and

4. The Clerk of the Court shall provide to Magistrate Judge Piester copies of all documents filed today in case no. 4:97CV3017.

January 11, 2008.                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge